IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

GORDON TURNER,

    Petitioner,

v.

UNITED STATES OF AMERICA,

    Respondent.

Civ. Action No. 16-1881
Crim. Action No. 14-0342

\* \* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

On December 16, 2014, Petitioner Gordon Turner ("Petitioner" or "Turner") pled guilty to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). (ECF No. 21.) During Petitioner's sentencing hearing, this Court found that Petitioner had a prior Maryland conviction for resisting arrest that constituted a "crime of violence" and one prior conviction that constituted a "controlled substance offense" and accordingly his sentencing offense level increased by ten under United States Sentencing Guideline (U.S.S.G.) § 2K2.1(a)(2). Petitioner was then sentenced to a term of seventy (70) months imprisonment. (ECF No. 30.)

One year later, the Supreme Court in *Johnson v. United States*, __ U.S. __, 135 S. Ct. 2551 (2015) struck down the residual clause of the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(2)(B)(ii) as unconstitutionally vague. Petitioner subsequently filed a Motion to Vacate requesting re-sentencing in light of *Johnson*. (ECF No. 34.) Five days later, the Office of the Federal Public Defender (OFPD) also filed a motion on behalf of Petitioner

1

under 28 U.S.C. § 2255, arguing that because the "Career Offender" provision in the Sentencing Guidelines includes the identical residual clause as that struck down in *Johnson*, it is also void for vagueness. (ECF No. 36.)[1]

In 2017, however, the Supreme Court held in *Beckles v. United States*, ___ U.S. ___, 137 S. Ct. 886 (2017) that the advisory guidelines were not subject to *Johnson* challenges. Subsequent to that decision, the OFPD informed Petitioner that in light of *Beckles* it would no longer be able to represent him. On September 18, 2017, the OFPD filed a Motion to Withdraw as Counsel (ECF No. 38), which this Court granted. (ECF No. 39.)

Pending before this Court are Petitioner's Motions to Vacate Under 28 U.S.C. § 2255. (ECF Nos. 34, 36.) The parties' submissions have been reviewed, and no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2016). For the reasons stated herein, Petitioner's Motions to Vacate Under 28 U.S.C. § 2255 (ECF No. 34, 36) are DENIED.

## ANALYSIS

Petitioner's only claim is that under *Johnson*, the residual clause that this Court applied while sentencing Petitioner is void for vagueness. Therefore, this Court must determine whether Petitioner's resisting arrest conviction qualifies as a "crime of violence" under the remaining "enumerated offenses" clause or "force" clause of U.S.S.G § 4B1.2(a).

As the OFPD stated in its Motion to Withdraw as Counsel, however, in light of *Beckles* this argument is without merit. As the *Beckles* Court stated, "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s

---

[1] The OFPD filed a corrected Motion to Vacate (ECF No. 36) after initially filing a Motion to Vacate on the same grounds on behalf of Petitioner (ECF No. 35.) Accordingly, the OFPD's first Motion (ECF No. 35) is MOOT.

2

residual clause is not void for vagueness." 137 S. Ct. at 897. For this reason, Petitioner's Motions to Vacate Under 28 U.S.C. § 2255 (ECF No. 34, 36) are DENIED.

## CONCLUSION

For the reason stated above, Petitioner Turner's Motions to Vacate Under 28 U.S.C. § 2255 (ECF No. 34, 36) are DENIED.

Pursuant to Rule 11(a) of the Rules Governing Proceedings under 28 U.S.C. § 2255, the court is required to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability is a "jurisdictional prerequisite" to an appeal from the court's earlier order. *United States v. Hadden*, 475 F.3d 652, 659 (4th Cir. 2007). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where the court denies petitioner's motion on its merits, a petitioner satisfies this standard by demonstrating that reasonable jurists would find the court's assessment of the constitutional claims debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). Because reasonable jurists would not find Turner's claims debatable, a certificate of appealability is DENIED.

A separate Order follows.

Dated: May 11, 2018

*[signature]*

Richard D. Bennett
United States District Judge

3